UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LI KUN,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-CV-4669 JLS (MMP)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Li Kun's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1), Respondents' Return to the Petition ("Ret.," ECF No. 6), and Petitioner's Traverse (ECF No. 7).

Petitioner previously filed two petitions for a writ of habeas corpus with the Court; both were denied. *See Li v. LaRose*, No. 26-CV-1614-JLS-MMP ("*Li I*"), ECF No. 6 (S.D. Cal. Apr. 8, 2026); *Li v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-2551-JLS-AHG ("*Li II*"), ECF No. 10 (S.D. Cal. May 14, 2026). In the instant Petition, Petitioner alleges he is entitled to habeas relief based on prolonged detention and a material change in circumstances. He requests a second bond hearing and, in the alternative, immediate release under reasonable conditions of supervision. Pet. at 3, 15.

/ / /

For the reasons set forth below, the Court **DENIES** the Petition for a Writ of Habeas Corpus (ECF No. 1).

**BACKGROUND**

On or about February 28, 2020, Petitioner, a citizen and national of China, entered the United States on a B-2 visa. Pet. at 5.; Ret. at 1. Petitioner's visa expired on August 17, 2020. *Id*. On December 23, 2025, Immigration and Customs Enforcement detained Petitioner at Camp Pendleton and transported him to the Otay Mesa Detention Center. *Id*. at 2. Petitioner was charged as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa, issued a Notice to Appear, and placed in removal proceedings. *Id* at 1. On January 23, 2026, Petitioner had a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a). *Id*. at 2. The IJ denied bond, finding Petitioner failed to satisfy his burden to show that he is not a danger to the community. Pet. at 5. The IJ's determination was based partially on a 2022 conviction for driving under the influence. Ret. at 3. The IJ also considered Petitioner's behavior upon his arrest at Camp Pendleton. Pet. at 5. Petitioner timely appealed the bond denial to the Board of Immigration Appeals ("BIA"), where it remains pending. *Id*. at 6.

On March 14, 2026, Petitioner filed his first petition for a writ of habeas corpus. *See Li I*, 26-CV-1614-JLS-MMP, ECF No. 1. The Court denied the petition, finding Petitioner was properly detained under 8 U.S.C. § 1226(a), and Petitioner already received a bond hearing pursuant to the statute. *Id*., ECF No. 6 at 2–3. On April 22, 2026, Petitioner filed a second habeas petition. *See Li II*, 26-CV-2551-JLS-AHG, ECF No. 1. This Court also denied that petition, finding it to be duplicative. *Id*., ECF No. 10 at 2.

On May 25, 2026, Petitioner was ordered removed to China. Ret. at 3. Petitioner timely appealed the removal order to the BIA, where it remains pending. *Id.*

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial

body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

As an initial matter, Petitioner renews his requests for immediate release. Pet. at 15. The Court again concludes Petitioner is not entitled to immediate release for the reasons set forth in his first writ of habeas corpus. *See Li I.*

Petitioner additionally argues that the Due Process Clause of the Fifth Amendment requires he receive another bond hearing based on continued prolonged detention and a material change in his circumstances. Pet. at 2.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

"District courts in the Ninth Circuit have applied the *Matthews v. Eldridge*, 424 U.S. 319 (1976), test when addressing due process where a petitioner has already been afforded at least one bond hearing." *Hernandez v. Bondi*, No. 26-CV-2676-JES-DDL, 2026 WL

1471891, at *2 (S.D. Cal. May 26, 2026) (collecting cases); *see also Singh v. Barr*, 400 F. Supp. 3d 1005, 1020–21 (S.D. Cal. 2019) (applying *Matthews* to determine whether due process required a subsequent bond hearing after a year and two months since the petitioner's last hearing); *Henriquez v. Garland*, No. 23-CV-1025-AMO, 2023 WL 6226374, at *3 (N.D. Cal. Sept. 25, 2023) ("The Court finds persuasive that when significant time has passed since a prior bond hearing, a petitioner may seek a second procedurally compliant bond hearing under *Matthews*.") (collecting cases).

Under *Matthews*, courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 334–35.

Regarding the first factor, "it is indisputable that 'the private interest here is fundamental: freedom from imprisonment is at the core of the liberty protected by the Due Process Clause.'" *Hernandez*, 2026 WL 1471891, at *2 (quoting *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017)). However, the Ninth Circuit has cautioned that courts should not "overstate the strength of [Petitioner's] showing under the first *Matthews* factor." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022). The Ninth Circuit also reasoned that in evaluating the private interests under the first factor, courts "cannot simply count [the petitioner's] months of detention and leave it at that." *Id.* at 1208. Courts "must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." *Id.* Additionally, Courts have recognized that this interest is "somewhat diminished" where petitioners have had a prior bond hearing. *See Alvarez v. Beccerra*, No. 26-CV-00008-DC-SCR, 2026 WL 295552, at *4 (E.D. Cal. Feb. 4, 2026). Here, Petitioner's detention has not become unduly prolonged. Petitioner has been in custody for almost nine months, and he received a bond hearing about eight

months ago. Pet. at 5. Petitioner timely appealed the bond denial to the BIA where it remains pending. *Id*. at 6. Considering the process already provided, the Court finds that this factor weighs slightly against Petitioner. *But see De La Torre-Duran v. Blanche*, No. 26-CV-3129-JLS-(MSB), 2026 WL 1998873, at *3 (S.D. Cal. July 10, 2026) (finding this factor weighed "slightly in favor" of the petitioner based on ten months of detention since his last bond hearing).

Considering the second factor, "where a noncitizen has been afforded some process, 'the risk of an erroneous deprivation of his liberty interest and the value of additional procedures is very low unless he can demonstrate a material change in circumstances since his last bond hearing.'" *Hernandez*, 2026 WL 1471891, at *3 (quoting *Rubin v. U.S. Immigr. & Customs Enf't*, No. 24-CV-260-TL-TLF, 2024 WL 3431914, at *8 (W.D. Wash. June 28, 2024)). Here, it is undisputed that Petitioner has already been afforded the process owed to him, an individualized bond hearing under 8 U.S.C. § 1226(a). Petitioner argues there has been a material change in his circumstances since that hearing, warranting a second custody redetermination. Pet. at 2–3. Petitioner states that he has been dealing with worsening medical issues affecting his throat or vocal cord area and has not received the specialized outside examination he believes is necessary. *Id*. at 6–7. Petitioner also contends that his confinement aggravates severe claustrophobic symptoms. *Id*. at 7. However, Petitioner has not alleged any material changed circumstances relevant to the IJ's determination that he posed a danger to the community. *See Hernandez*, 2026 WL 1471891, at *3 (weighing this factor against petitioner because he "has not articulated any changed circumstances that may affect the bond determination."). Thus, the Court concludes that this factor weighs against Petitioner.

As to the third factor, the government has a strong interest in enforcing the INA's statutory framework for detention of "noncitizens whom Congress has deemed pose a flight risk or danger to the community based on their offenses." *Rubin*, 2024 WL 3431914, at *7. "[T]he Government interest at issue is the 'ability to detain [an immigrant detainee] *without providing him with another bond hearing*, not whether the government may

continue to detain him." *Henriquez*, 2023 WL 6226374, at *4 (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019) (emphasis in original)). This distinction implicates a lower interest than the government's immigration enforcement interest generally. *See id.* (citing *Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 810 (9th Cir. 2020)). However, in the context of whether a second bond hearing is required, "the [g]overnment's interest is not meaningfully diminished." *Id.* (collecting citations). "This interest may increase as a noncitizen's removal 'becomes more imminent.'" *Id.* (quoting *Rodriguez Diaz*, 53 F.4th at 1208). The Court finds that, while "generally courts have found that the cost of providing a bond hearing is relatively minimal," this factor weighs in favor of Respondents. *Eliazar G.C. v. Wofford*, No. 24-CV-1032-EPG-HC, 2025 WL 711190, at *8 (E.D. Cal. Mar. 5, 2025) (citations omitted).

Therefore, after weighing the *Matthews* factors, the Court finds that due process does not require ordering another bond hearing for Petitioner at this time.

**CONCLUSION**

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1). If Petitioner can demonstrate material changed circumstances affecting the IJ's bond determination at a later date, he may file an amended petition. As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge